UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEO J. METZGAR and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  -against-<br><br>JOHNSON AND CONROY AGENCY INC.<br><br>        Defendant. | Case No.: 23-cv-2916<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## INJUNCTIVE RELIEF SOUGHT

Plaintiff, LEO J. METZGAR, on behalf of himself and for the benefit of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendant JOHNSON AND CONROY AGENCY, INC. and for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendant's unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 et seq. and its implementing regulation, the New York State Executive Law (the "Executive Law") § 296, the New York State Civil Rights Law § 40. Plaintiff also alleges a claim for Negligence. As explained more fully below, the Defendant owns lease, leases to, operates and controls a place of public accommodation that violates the above-mentioned laws. Defendant is vicariously liable for the

*Metzgar v. Johnson and Conroy et al*
*Complaint*
*1 | P a g e*

acts and omissions of its employees and agents for the conduct alleged herein.

## JURISDICTIONAL ALLEGATIONS

2. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling plaintiff to attorneys' fees, litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

3. Defendant-Owner/Operator JOHNSON AND CONROY AGENCY, INC. is a domestic business corporation licensed to and doing business in New York State. Defendant JOHNSON AND CONROY AGENCY, INC. is the operator and/or owner of the property located at 74 Jersey Avenue, Port Jervis, New York 12771, County of Orange, State of New York (hereinafter the "Premises").

4. Defendant JOHNSON AND CONROY AGENCY, INC. are collectively referred to herein as ("Defendant").

5. Plaintiff LEO J. METZGAR is an adult male confined to a wheelchair. Plaintiff, is incapable of moving around outside of his home without assistance and a wheelchair. He has further restrictions, speaking, caring for himself, or performing any other tasks associated with daily living. Plaintiff resides in Orange, New York.

6. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's right under the ADA. The Court has supplemental jurisdiction over plaintiffs' related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

7. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C.

*Metzgar v. Johnson and Conroy et al*
*Complaint*
2 | P a g e

§1391 because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that are the subject of this action are located in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. The Defendant is a public accommodation as it owns, leases, leases to, controls or operates a place of public accommodation, JOHNSON AND CONROY AGENCY, INC. located at the Premises, within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)), and the Administrative Code (§ 8-102(9)).

9. JOHNSON AND CONROY AGENCY, INC.. is a place of public accommodation within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)), and the Administrative Code (§ 8-102(9)) as the facility is operated by a private entity as a retail establishment and its operations affect commerce.

10. On or about, March 18, 2023 plaintiff attempted to access the business.

11. On or about, March 18, 2023 plaintiff discovered that the premises contained, architectural barriers at Defendant's place of public accommodation that prevents and/or restricts access to plaintiff, a person with a disability.

12. The services, features, elements and spaces of Defendant's place of public accommodation are not readily accessible to, or usable by the plaintiff as required by the ADA Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 or the revised final regulation implementing Title III of the ADA adopted by the United States Department of Justice in 2010 (all hereinafter referred to as the "Accessibility Standards").

13. The services, features, elements and spaces of Defendant's place of public accommodation are not readily accessible to, or usable by plaintiff as required by the

*Metzgar v. Johnson and Conroy et al*
*Complaint*
3 | P a g e

Administrative Code § 27-292 *et. seq*.

14. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the Accessibility Standards and the Administrative Code, plaintiff was and has been unable to enjoy equal and complete access to Defendants' place of public accommodation.

15. Plaintiff can't perform daily activities outside the house without the use of a wheelchair.

16. Plaintiff visited the property which forms the basis of this lawsuit but encountered architectural barriers at the subject property precluding them from reasonably accessing the goods and services provided to non-disabled individuals. The barriers to access at the Premises have deterred plaintiff from availing herself of and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals.

17. Defendant has and is continuing to discriminate against plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA.

18. More specifically, plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and plaintiff is further deterred and discouraged from additional travel due to Defendant's ongoing non-compliance with the ADA.

19. Barriers to access that plaintiff encountered and/or which exist at the Defendant's

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

*Metzgar v. Johnson and Conroy et al*
*Complaint*
*4 | P a g e*

place of public accommodation include, but are not limited to, the barriers identified below:

Site Arrival:

   I.   There does not appear to be an accessible route from the public sidewalk to the building entrance. See below.
      a.   *Defendants fail to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 Standards 4.1.2(1), 2010 Standards 206.2.1, and 2014 NYC 1104.1.*

Public Entrance:

   II.   The public entrance does not appear to be accessible. See below.
   *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i). Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1. Defendants fail to provide that all its public entrances are accessible. See 2014 NYC 1105.1.*

Public Exit:

   I.   The public exit does not appear to be accessible. See below.
   *Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.*


20.   Upon information and belief, the above-listed discriminatory violations are not an exhaustive list of all ADA violations on the Premises. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph and measure all the barriers to access that constitute discriminatory acts in violation of the ADA.

21.   Notice to Defendant prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit have been satisfied or are waived by Defendant. Defendant's violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

22.   Defendant has failed to ensure that its place of public accommodation and the elements therein are in compliance with the Accessibility Standards, the Administrative Code, including but not limited to ensuring the maintenance of accessible features.

*Metzgar v. Johnson and Conroy et al*
*Complaint*
5 | P a g e

23. The barriers to access within Defendant's place of public accommodation continue to exist.

24. Plaintiff has a realistic, credible and continuing threat of discrimination from Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within Defendant's place of public accommodation continue to exist and deter plaintiff.

25. Plaintiff travels frequently to the shopping area and neighborhood where Defendant's place of public accommodation is located and patronizes places in the neighborhood.

26. Plaintiff intends to patronize the Defendant's place of public accommodation several times a year after they become fully accessible and complaint with the Accessibility Standards, the Administrative Code.

27. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether Defendant's place of public accommodation is fully accessible and compliant with the Accessibility Standards, the Administrative Code.

28. Plaintiff intends to patronize the Defendant's place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether Defendant's place of public accommodation is fully accessible and compliant with the Accessibility Standards, the Administrative Code – all for the benefit of those similarly situated to plaintiff.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE ADA)**

29. Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

30. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, plaintiff uses a wheelchair for mobility, and has restricted use of

*Metzgar v. Johnson and Conroy et al*
*Complaint*
6 | P a g e

his arms and hands.

31. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

32. The Defendant has and continues to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendant's policies and practices have disparately impacted plaintiff.

33. By failing to comply with the law, Defendant has articulated to disabled persons such as the plaintiff that they are not welcome, is objectionable and not desired as patrons of their public accommodation.

34. Defendant has discriminated against plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the Accessibility Standards.

35. Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled in violation of 42 U.S.C. §12182 and 28 C.F.R. § 36.203.

36. Upon making alterations to their public accommodation, Defendant failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

37. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

38. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against plaintiff based on disability in violation of § 302 of the ADA,

*Metzgar v. Johnson and Conroy et al*
*Complaint*
7 | P a g e

42 U.S.C. §12182, and 28 C.F.R. §36.304.

39. In the alternative, Defendant has violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

40. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.202 *et seq*.

41. Defendant's failure to construct and maintain an accessible entrance from the public sidewalk to Defendant's place of public accommodation constitutes disability discrimination in a violation of the ADA.

42. Defendant has and continues to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

43. Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

44. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions. Plaintiff cannot perform the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

45. Defendant has and continues to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

46. Defendant discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public

*Metzgar v. Johnson and Conroy et al*
*Complaint*
8 | P a g e

accommodation. The Defendant has aided and abetted others in committing disability discrimination.

47. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2) (c)(iii).

48. In the alternative, Defendant has failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

49. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

50. It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

51. As a direct and proximate result of Defendant's unlawful discrimination in violation of New York Executive Law, plaintiff has suffered and continue to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

52. Plaintiff has suffered damages in the amount of at least **Fifty Thousand Dollars ($50,000.00)** from the Defendant and the total amount shall be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

53. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

54. Defendant discriminated against plaintiff pursuant to New York State Executive Law.

55. Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of **Five Hundred Dollars ($500.00)** for the Defendant for each and every barrier and violation.

*Metzgar v. Johnson and Conroy et al*
*Complaint*
9 | P a g e

56. Notice of Defendant's violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d. (*See* Exhibit A attached hereto).

## INJUNCTIVE RELIEF

57. Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and its operations, policies, practices, and procedures.

58. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

59. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provisions of alternative methods in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

60. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by Defendant against plaintiff and as to required alterations and modifications to Defendant's place of public accommodation, facilities, goods and services, and to Defendant's policies, practices and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

61. In order to enforce plaintiff's rights against the Defendant, plaintiff has retained counsel and are entitled to recover attorney's fees, expenses and costs pursuant to the ADA. 42 U.S.C. § 12205; 28 C.F.R. § 36.505.

*Metzgar v. Johnson and Conroy et al*
*Complaint*
10 | P a g e

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that the Court enter a judgment against Defendant, in favor of plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant had violated the ADA and its implementing regulations, and Executive Law and declaring the rights of plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices and procedures;

B. Issue a permanent injunction ordering Defendant to close and cease all business until Defendant removes all violations of the ADA, the Accessibility Standards, and Executive Law, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Find Defendant guilty of a class A misdemeanor for violating New York State Civil Rights Law pursuant to New York State Civil Rights Law § 40-d;

E. Award at least **FIFTY THOUSAND DOLLARS ($50,000.00)** to plaintiff as compensatory damages, per defendant, plus pre-judgment interest, as a result of Defendant's violations of New York State Executive Law;

F. Award plaintiff **FIVE HUNDRED DOLLARS ($500.00)** for each and every barrier and violation of the law, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find the plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA;

H. Any such other and further relief the Court shall deem just and proper.

Dated:  Syosset, New York
        April 6, 2023

*Metzgar v. Johnson and Conroy et al*
*Complaint*
*11 | P a g e*

Respectfully submitted,

BELL LAW GROUP, PLLC

By: */s/ Daniel Johnston*
Daniel Johnston, Esq.
Attorneys for Plaintiff
100 Quentin Roosevelt Blvd Suite 208
Garden City, NY 11530
(516) 540-4336
DJ@BellLG.com

*Metzgar v. Johnson and Conroy et al*
*Complaint*
*12 | P a g e*